******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

McDONALD, J., concurring. I agree with and join the majority's well reasoned opinion. I also agree with the result the majority reaches. I write separately to highlight a likely problem posed by the applicability of the statute of limitations to a claim of criminal malpractice and to provide guidance to litigants and trial courts on how the problem may perhaps be minimized.

It is undisputed that General Statutes § 52-577 governs claims of legal malpractice in Connecticut. See, e.g., *Doe* v. *Boy Scouts of America Corp.*, 323 Conn. 303, 340 n.25, 147 A.3d 104 (2016) (recognizing § 52-577 "applies, for example, to legal malpractice actions"); *DeLeo* v. *Nusbaum*, 263 Conn. 588, 589–90, 821 A.2d 744 (2003) (applying statute of limitations in § 52-577 to legal malpractice action); *Straw Pond Associates, LLC* v. *Fitzpatrick, Mariano & Santos, P.C.*, 167 Conn. App. 691, 714, 145 A.3d 292 ("[a]n action alleging legal malpractice or negligence is a tort claim subject to the three year statute of limitations set forth in § 52-577"), cert. denied, 323 Conn. 930, 150 A.3d 231 (2016).

Section 52-577 provides: "No action founded upon a tort shall be brought but within three years *from the date of the act or omission complained of*." (Emphasis added.) "This court has explained that the history of that legislative choice of language precludes any construction thereof delaying the start of the limitation period until the cause of action has accrued or the injury has occurred. . . . The date of the act or omission complained of is the date when the . . . conduct of the defendant occurs . . . . *Certain Underwriters at Lloyd's, London* v. *Cooperman*, 289 Conn. 383, 408, 957 A.2d 836 (2008); see also *Rosato* v. *Mascardo*, 82 Conn. App. 396, 407, 844 A.2d 893 (2004) (characterizing § 52-577 as statute of repose). As such, an action commenced more than three years from the date of the negligent act or omission complained of is [time] barred

. . . regardless of whether the plaintiff had not, or in the exercise of [reasonable] care could not reasonably have discovered the nature of the injuries within that time period. . . . *Martinelli* v. *Fusi*, 290 Conn. 347, 355, 963 A.2d 640 (2009)." (Internal quotation marks omitted.) *Essex Ins. Co.* v. *William Kramer & Associates, LLC*, 331 Conn. 493, 503, 205 A.3d 534 (2019).

As the Appellate Court has recognized, "[§] 52-577 is a statute of repose in that it sets a fixed limit after which the tortfeasor will not be held liable and in some cases will serve to bar an action before it accrues." (Internal quotation marks omitted.) *Piteo* v. *Gottier*, 112 Conn. App. 441, 445, 963 A.2d 83 (2009). Moreover, "[i]gnorance of his rights on the part of the person against whom the statute has begun to run . . . will not suspend its operation. He may discover his injury too late to take advantage of the appropriate remedy." *Bank of Hartford County* v. *Waterman*, 26 Conn. 324, 329 (1857).

In light of the majority's conclusion that exoneration from the underlying conviction is an element of a cause of action for criminal malpractice, I foresee § 52-577 presenting a significant issue for plaintiffs. In other words, if one waits to obtain appellate or postconviction relief before bringing a meritorious cause of action for criminal malpractice, it is unlikely that he or she will be able to do so within three years of the act or omission constituting malpractice, given the time frames usually associated with such postconviction litigation efforts. Some courts, however, have provided guidance on how to avoid the unfortunate circumstance of the running of a statute of limitations before the plaintiff's cause of action even accrues: a plaintiff claiming to be injured by the criminal malpractice of his defense attorney may file a timely cause of action for criminal malpractice and seek an immediate stay of that action while he pursues appellate or postconviction relief relating to his

underlying conviction. See, e.g., *Coscia* v. *McKenna & Cuneo*, 25 Cal. 4th 1194, 1210–11, 25 P.3d 670, 108 Cal. Rptr. 2d 471 (2001) ("[T]he plaintiff must file a malpractice claim within the . . . [limitation] period set forth in [the code of civil procedure]. Although such an action is subject to [a motion to strike] or summary judgment while a plaintiff's conviction remains intact, the court should stay the malpractice action during the period in which such a plaintiff timely and diligently pursues postconviction remedies."); see also, e.g., *Gibson* v. *Trant*, 58 S.W.3d 103, 117 (Tenn. 2001).

Accordingly, I concur in the judgment.